IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01076-BNB

JAMES G. ADAMS, JR.,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
EL PASO COUNTY SHERIFF JOHN MAKETA,

    Respondents.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

    Petitioner, James G. Adams, Jr., is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Adams initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging a parole hold. On April 16, 2014, the court entered an order directing Mr. Adams to cure a deficiency if he wishes to pursue his claims in this action. More specifically, the court directed Mr. Adams to file on the court-approved form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    On May 12, 2014, Mr. Adams filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 6). He has not cured the deficiency as directed because he has not filed on the court-approved form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court's local rules require unrepresented parties to

"use the forms . . . posted on the court's website." D.C.COLO.LCivR 5.1(c),

Mr. Adams will be given one more opportunity to cure the deficiency in this action by filing on the court-approved form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Accordingly, it is

ORDERED that Mr. Adams cure the deficiency in this action **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Adams shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Adams fails to cure the deficiency within the time allowed, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED May 13, 2014, at Denver, Colorado.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge