IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01076-BNB

JAMES G. ADAMS, JR.,

      Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Dept. of Corrections,
TERRY MAKETA, El Paso County Sheriff, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, James G. Adams, Jr., is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  Mr. Adams has filed *pro se* a third amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10) claiming his constitutional rights have been violated as a result of his detention pursuant to a parole hold.  As relief he seeks to have the parole hold removed and to be allowed to post bond so that he may be released on parole.

      On June 19, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action.  On July 7, 2014, Respondent Terry Maketa filed a preliminary response (ECF No. 18).  On July 21, 2014, Respondents Rick Raemisch and John Suthers filed their preliminary response (ECF No. 22).  Respondent argue that the action should be dismissed for failure to exhaust state

remedies because Mr. Adams has not fairly presented his constitutional claims to the Colorado state courts in a petition for writ of habeas corpus or in any other state court proceeding.

The Court must construe the third amended application liberally because Mr. Adams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Adams may not challenge the allegedly illegal parole hold in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

2

(per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Adams fails to demonstrate he has fairly presented his constitutional claims to any state court.  Mr. Adams does allege that he has exhausted administrative remedies and that he filed a habeas corpus petition in his state court criminal case. However, exhausting administrative remedies at the El Paso County Jail does not demonstrate that state court remedies have been exhausted.  With respect to the habeas corpus petition Mr. Adams filed in his state court criminal case, the El Paso County District Court determined the petition was not properly filed in that case (see ECF No. 10 at 25), and there is no indication that Mr. Adams fairly presented his claims to the Colorado Supreme Court.

For these reasons, the action will be dismissed for failure to exhaust state remedies.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

3

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the third amended habeas corpus application (ECF No. 10) is

denied and the action is dismissed without prejudice for failure to exhaust state court

remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the motion for injunctive relief (ECF No. 9) is denied

as moot.

DATED at Denver, Colorado, this ___19th___ day of ___August_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4